LAW OFFICES OF
# JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

2 WALL STREET
3rd Floor
NEW YORK, NEW YORK  10005
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                 STEVEN WRIGHT
—                                                                     *Office Manager*
AARON MYSLIWIEC                                               RYAN DUFFEY
ALICE L. FONTIER                                                     *Paralegal*
STUART A. WHITE
LINDSAY A. LEWIS

January 11, 2011

**BY FACSIMILE [212-637-2527]**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re:     *United States v. Sabirhan Hasanoff,*
S4 10 Cr. 162 (KMW)

Dear Mr. McGuire:

This letter is submitted on behalf of Sabirhan Hasanoff, whom I represent in the above-captioned matter, along with David A. Ruhnke, Esq., and Anthony L. Ricco, Esq., and requests additional discovery materials and a Bill of Particulars.  Mr. Hasanoff also joins in his co-defendant Wesam El-Hanafi's, October 25, 2010, request for discovery, to the extent that it covers any discovery materials related to Mr. Hasanoff.

**I.**     *Demand for Discovery*

It is acknowledged that the government has already made documents available to the defense, including the documents accompanying your letter dated November 3, 2010, and documents received November 17, 2010.  However, Mr. Hasanoff demands the discovery enumerated in this letter in the event it has not yet been produced.

Accordingly, if the government believes documents already produced or made available for copying satisfy part or all of any of the following requests, please so indicate.  Please also specifically indicate any materials the government does not intend to make available.  It is further

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 2 of 11

requested that the government preserve and maintain all relevant notes, reports, and recordings prepared by or for government agents or prosecutors, as well as any document, paper, tangible object, tape recording or other potential item of evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

When used in the following requests, the term "document" is intended to be construed as broadly as possible and means, in each instance in which it is used, any and all documents, including, but not limited to, writings, drawings, graphs, charts, books, papers, photographs, tangible objects, audio or video recordings, computer data and other data compilations from which information can be obtained, translated, if necessary, by the government through detection devices into reasonably usable form, or copies or portions thereof, and includes copies of all subpoenas issued by the grand jury or any other entity in the course of the investigation of this case and all responsive documents.  To the extent there exists information known to the government that has not been reduced to writing, but which would be responsive to any of these requests had it been so reduced, it is requested that such information be reduced to writing and produced.

Pursuant to Rule 16, Fed.R.Crim.P., the Fifth and Sixth Amendments to the United States Constitution, and Rule 16.1 of the Local Rules of the U.S. District Courts for the Southern District of New York, it is requested that the government promptly disclose to the defense and make available for inspection and copying, to the extent that they have not already been provided, the following materials:

1. Any and all written or recorded statements, or copies thereof, made by Mr. Hasanoff or by any indicted or unindicted coconspirator whose statements the government will claim are binding on Mr. Hasanoff.  Rule 16(a)(1)(A), F.R.Cr.P.

2.  Any and all documents and property obtained from Mr. Hasanoff or any entity the government claims is owned or controlled by Mr. Hasanoff, or from any alleged accomplice or co-conspirator, or from any employee, agent, or professional consultant, or from any third party having custody of property belonging to Mr. Hasanoff.  Rule 16(a)(1)(C), F.R.Cr.P.

3.  Any and all documents the government intends to use at trial as evidence in its case in chief.  Rule 16(a)(1)(C), F.R.Cr.P.  This request includes not only those items which will be marked and offered into evidence, but all documents which will be relied upon or referred to in any way by any witness called by the government during its case in chief.  *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978).  It is requested that any documents in this category be specifically identified from among the mass of documents that have been or will be produced to the defense by the government, both to enable counsel to prepare effectively for trial and afford them an opportunity to move to suppress or preclude any evidence the government intends to use in its case in chief.  *See* Rules 12(b)(3) & 12(d)(2), F.R.Cr.P.

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 3 of 11

4.  Any and all documents that are material to the preparation of Mr. Hasanoff's defense. Rule 16(a)(1)(C), F.R.Cr.P.  This request includes, but is not limited to:

      a.      any and all audiotape or videotape recordings, whether made by the government or private individuals, other than those already produced by the government;

      b.      any and all draft transcripts of such recordings (we agree not to use such drafts as impeachment material at trial) and line sheets;

      c.      any and all final transcripts of such recordings;

      d.      all documents reflecting or relating to the chain of custody of physical evidence.

5.  Any and all documents, or copies thereof, reflecting or relating to results or reports of physical or mental examinations, scientific or computer tests, experiments, analyses, surveys or retrievals, accounting work papers or other financial analyses that were conducted in connection with the government's investigation of the charges contained in the indictment (Rule 16(a)(1)(D), F.R.Cr.P.), including but not limited to:

      a.      any and all handwriting exemplars, handwriting samples, opinions of handwriting experts, handwriting or document analyses, and all documents used in such analyses;

      b.      any and all fingerprint and palmprint exemplars, fingerprint samples, comparisons and opinions of fingerprint experts, and all documents that relate to those opinions;

      c.      any and all psychological tests performed upon any government witness, and all documents that refer or relate to such tests;

      d.      any and all polygraph examinations, psychological stress evaluations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations;

      e.      any and all enhancements of audio or videotape recordings, and copies of any such enhanced recordings;

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 4 of 11

f.       any and all scientific comparisons and tests including, but not limited to, DNA and voice analyses, age determinations, voice print analyses and typewriter or printer comparisons.

6.  Any and all documents pertaining to any criminal conviction of Mr. Hasanoff or any person the government will claim at trial to have been a co-conspirator of Mr. Hasanoff.

7.  Any and all surveillance photographs or videotapes depicting Mr. Hasanoff, whether or not such surveillance was conducted in connection with this case.

As a predicate to defense motions to suppress evidence, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, it is requested that you provide the defense the following materials and items of information:

8.  A statement whether any information known by the government, or any evidence in the government's possession, custody, or control, was obtained by a search, and if so, a description or inventory of such evidence.

a.       for every search conducted pursuant to a warrant:

i.       all search warrants, and related papers;

ii.      all warrant applications and affidavits in support of any warrant or extension, and related papers;

iii.     all orders, returns, inventories and extensions, and related papers.

b.       for every search conducted without a warrant:

i.       a list of the personnel involved in the search;

ii.      a statement of the date and time of such search;

iii.     a statement of the place where such search was conducted.

9.  A statement whether any information known by the government, or any evidence in the government's possession, custody, or control, was obtained by any type of surveillance of any defendant, including, but not limited to, electronic surveillance, eavesdropping or other evidence-gathering, conducted through the use of wiretaps, pen registers, telephone subscription and toll records, videotapes or audiotapes, or otherwise, and if so, a description of such evidence.

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 5 of 11

> a.    for any surveillance conducted pursuant to a warrant:
>
>   i.    all eavesdropping warrants and other warrants, and related papers;
>
>   ii.    all applications and affidavits in support of any warrant or extension, and related papers;
>
>   iii.    all surveillance logs, seven-day reports, orders, returns, inventories and extensions, and related papers.
>
> b.    for any surveillance conducted without a warrant:
>
>   i.    a list of the personnel involved in the search or surveillance;
>
>   ii.    a statement of the date and time of such search or surveillance;
>
>   iii.    a statement of the place where such search or surveillance was conducted.

10.  A list of all confidential sources who provided information for any application for a search warrant, arrest warrant or eavesdropping warrant in this case, regardless whether such warrant was actually sought or obtained.

11.  A statement whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and if so, a description of such evidence.

12.  A statement of whether any evidence in the government's possession, custody, or control was obtained through a mail cover, and if so, a description of such evidence.

13.  A statement of whether any evidence in the government's possession, custody, or control was obtained through a confidential informant, and if so, a description of such evidence.

14.  If any tapes, reports of communications, fruits of any interception or search, or notes of any interview have been, or are intended to be, discarded or destroyed, please identify such material in sufficient detail to permit a timely request to the Court for appropriate relief.  *See United States v. Grammatikos*, 663 F.2d 1013 (2d Cir. 1980).

Pursuant to Rule 1006 of the Federal Rules of Evidence, it is requested that the government provide the defense the following additional materials and items of information:

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 6 of 11

15.  A statement whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, such chart, summary, or calculation, as well as all writings, recordings, photographs, or other information on which such charts, summaries, or calculations are based, to be made available to the defense for inspection and copying.

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, and Rules 403 and 404(b) of the Federal Rules of Evidence, it is requested that the government provide the defense the following additional materials and items of information:

16.  All evidence of other or similar uncharged crimes, wrongs, or acts committed by Mr. Hasanoff defendant or any alleged agent of his, upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or for any other purpose.  This request includes allegations of such conduct of which the government has become aware, regardless of whether the government intends to rely on such allegations at trial and whether such allegations were subsequently changed or recanted.

17.  A list containing the name, current address and telephone number of every witness, including law enforcement personnel, from whom the government intends to elicit expert opinion testimony at trial, accompanied by the following set of documents for each such witness:

      a.      a detailed resume;

      b.      copies of all documents, records or other materials the witness has used or will use in reaching his or her opinion;

      c.      copies of all computation sheets, work papers, reports, charts, ledgers, rough notes and other documents prepared by the witness in connection with his or her analysis;

      d.      a statement identifying by title, case number and court any case in which the witness has previously testified.

18.  A list containing the name, current address and telephone number of every other person whom the government intends to call as a witness at trial.  *See United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975).

II.     *Request for a Bill of Particulars*

A request for a Bill of Particulars is herewith made demanding the following particulars:

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 7 of 11

1. With respect to Count One, ¶ 2, please identify specifically the alleged types of "material support" provided, including:

  a.. "services;"

  b. "currency;" and

  c. "physical assets."

2. With respect Count One, ¶ 3(a), please identify the location where Mr. Hasanoff "received" the approximately $50,000, and in what form he "received" that amount;

3. With respect to Count One, ¶ 3(f), please specify:

  a. the date and time Mr. Hasanoff and Mr. El-Hanafi had a conversation with CC-1 about joining Al-Qaeda;

  b. the location where the conversation between Mr. Hasanoff and Mr. El-Hanafi occurred;

  c. who (according to the conversation) would be joining *al Qaeda*; and

  d. how that person or persons would be joining *al Qaeda*.

4. With respect to Count One, ¶ 3(h), please specify what "tasks" Mr. El-Hanafi directed CC-1 to perform.

5. With respect to Count One, ¶ 3(i), please specify:

  a. the location where Mr. Hasanoff "instructed" CC-1 not to fill his passport with stamps;

  b. the date and time Mr. Hasanoff so "instructed" CC-1;  and

  c. the precise manner in which Mr. Hasanoff so "instructed" CC-1.

6. With respect to Count One, ¶ 3(j), please specify:

  a. the "tasks" Mr. Hasanoff "performed;"

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 8 of 11

     b     the date and time he "performed" each of those "tasks;"  and

     c.     the location from which Mr. Hasanoff traveled to New York.

7.     With respect to Count One, ¶ 3(l), please specify:

     a.     the precise manner in which, and/or location where, CC-1 communicated with each of the defendants;

     b.     the date and time CC-1 communicated with each of the defendants;

     c.     the particular consulate CC-1 called and the location of the consulate;

     e.     the contents of the communication(s) between CC-1 and each of the defendants, including whether there were any recordings, or other memorialization of the communication; and

     f.     the contents of CC-1's phone call to the consulate, including whether there were any recordings or memorialization of the call.

8.     With respect to Count One, at ¶ 3(m) of the Indictment, please specify:

     a.     the location where the conversation between Mr. El-Hanafi and Mr. Hasanoff occurred regarding "additional contacts;"

     b.     the date and time that conversation between Mr. El-Hanafi and Mr. Hasanoff occurred;

     c.     the precise manner in which each defendant intended to seek out "additional contacts within *al Qaeda*;"

     d.     the contents of the conversation;

     e.     whether anyone else was party to the conversation(s);  and

     f.     whether there were any recordings or memorialization of the conversation(s).

9.     With respect to Count Two, alleging material support to "*al Qaeda* associates" in Yemen and elsewhere, please identify:

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 9 of 11

  a.  the *al Qaeda* "associates" to whom the material support was provided;

  b.  the nature of those individuals' "association" with *al Qaeda*;  and

  c.  all locations included in the term "elsewhere.".

10. With respect to Count Two, please also identify specifically the alleged types of "material support" provided,  including:

  a..  "services;"

  b.  "currency;"  and

  c.  "physical assets."

11. With respect to Count Three, please identify specifically:

  a.  the precise manner in which Mr. Hasanoff did "make" and/or "receive" the alleged "contribution of

    i.  "funds;"

    ii.  "goods;"  and

    iii.  "services"

   "to, and for the benefit of, *al Qaeda*[;]"

  b.  the "funds" provided to or for the benefit of *al Qaeda*;

  c.  the "goods" provided to or for the benefit of *al Qaeda*;

  d.  the "services" provided to or for the benefit of *al Qaeda*;

  e.  the precise manner in which such funds, goods, and services were "to" and/or "for benefit of *al Qaeda*[;]"

  f.  the "money" provided to *al Qaeda*;

  g.  the "equipment" provided to *al Qaeda*;

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 10 of 11

      h.      the "technological advice" provided to *al Qaeda*;  and

      i.      the location where, and time and date when, the alleged provision of money, equipment, and technological advice to *al Qaeda* occurred.

12.      With respect to Count Four, please identify specifically:

      a.      the "money" provided to *al Qaeda*;

      b.      the "equipment" provided to *al Qaeda*;

      c.      the "technological advice" provided to *al Qaeda*;  and

      d.      the location where, and time and date when,  the alleged provision of money, equipment, and technological advice to *al Qaeda* occurred.

13.      With respect to the forfeiture allegations at ¶¶ 9 & 10 of the Indictment, please identify specifically the U.S. "citizens and residents of the United States and their property" at which the offenses were directed.

14.      With respect to the forfeiture allegations at ¶ 11 of the Indictment, please identify specifically:

      a.      Mr. Hasanoff's "foreign assets" derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism;

      b.      Mr. Hasanoff's "domestic assets" derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism;

      c.      Mr. Hasanoff's assets "derived from" a Federal crime of terrorism;

      d.      Mr. Hasanoff's assets "involved in" a Federal crime of terrorism;

      e.      Mr. Hasanoff's assets "used" in a Federal crime of terrorism;

      f.      Mr. Hasanoff's assets "intended to be used" in a Federal crime of Terrorism;  and

      g.      the U.S. "citizens and residents of the United States and their property" at which the offenses were directed.

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Brendan R. McGuire
Assistant United States Attorney
Southern District of New York
January 11, 2011
Page 11 of 11

15.    With respect to the forfeiture allegations at ¶ 12 of the Indictment, please specify the value of assets subject to forfeiture under ¶¶ 8 through 11.

16.    With respect to the forfeiture allegations at ¶ 13 of the Indictment, please refer to ¶¶ 11-14 of this request for a Bill of Particulars.

17.    With respect to the forfeiture allegations at ¶ 14 of the Indictment, please identify specifically:

   a.    Mr. Hasanoff's "real" property "that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four;"

   b.    Mr. Hasanoff's "personal" property "that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four;"  and

   c.    the precise manner in which Mr. Hasanoff's "real" and/or "personal" property "constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four."

18.    With respect to the forfeiture allegations at ¶ 14 of the Indictment, please refer to ¶¶ 11-14 of this request for a Bill of Particulars.

19.    With respect to the forfeiture allegations at ¶ 15 of the Indictment, please identify specifically Mr. Hasanoff's "substitute property."

Regarding all discovery requested herein, it is noted that the government shoulders a continuing duty of disclosure as further information becomes known, and further material becomes available to the government and to the prosecution.  Please contact me as soon as practicable after you have reviewed this letter in order that any questions, clarifications, or disputes can be raised and resolved, if possible, prior to motion practice.

Very truly yours,

Joshua Dratel

JLD/ll
cc:    All Defense Counsel
       (By Electronic Mail)