UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


V.                                        Case No. 1:10-CR-00162 (KMW)


SABIRHAN HASANOFF,
          Defendant.
_____/


## SUPPLEMENT IN FURTHER SUPPORT OF MOTION FOR
## COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Sabirhan Hasanoff
Reg. No. 75730-083
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

Defendant-Pro se

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for the United States of America
One Saint Andrew's Plaza
New York, New York 10007

Attn: Michael D. Lockard
Assistant United States Attorney
          -Of Counsel-

Sabirhan Hasanoff (hereinafter "Mr. Hasanoff"), pro se, in response to this Court's Order dated October 2, 2020 (Docket Entry "DE" 262), Mr. Hasanoff respectfully supplement's his motion for compassionate release. In further support of his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Hasanoff offers the following:

**I.    Incorporation by Reference.**

The facts set forth in the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Mr. Hasanoff's Motion")(DE 257) and his Response To Court Order ("Mr. Hasanoff's Resp.")(DE 259) are incorporated by reference herewith as if set forth at length hereat.

**II.   Mr. Hasanoff's Mother's Circumstances Preclude the Use of a Home Health Aide.**

Mr. Hasanoff's mother, Saiyara Hasanoff ("Mrs. Hasanoff"), is still living in her small apartment alone, isolated and Mr. Hasanoff's sister, Gulsara Akyol, is still not capable of providing the full time care and attention that their mother requires. Mrs. Hasanoff has become unmanageable and more irritable do to her circumstances, the ongoing pandemic, and her very real fear of coronavirus reinfection. Adding a Home Health Aide ("HHA")--a stranger to Mrs. Hasanoff--would only increase her paranoia and emotional stress. A HHA is not a suitable option.

In our cultural upbringing, it is the core foundation of family that children, particularly the eldest son, care for aging parents. This belief, coupled with Mrs. Hasanoff dementia and feeling of loneliness, abandonment and anxiety, will only worsen

2

with a stranger in her home. In addition, having various HHA, who probably take public transportation and likely live in Brooklyn, which is now facing increasing number of COVID hotspots, would be a risk to their mother, especially during the coming Flu season. Not to mention if a HHA would comply with COVID safety protocols. These risks are compounded by Mrs. Hasanoff's medical conditions--both physical and mental--her poor english speaking ability and refusal to be cared for, let alone have complete strangers in her home.

Further, Mr. Hasanoff's grandmother (Mrs. Hasanoff's own mother) who passed away in November 2015 had a HHA prior to her death. The family's experience found HHAs to be neglectful, uncaring and very unprofessional (many typically earn at or just above the minimum wage) and the HHAs themselves required supervision by a family member due to the substandard care provided by the HHAs. This is not a situation Mr. Hasanoff or his family could leave their mother in. Mr. Hasanoff's mother's mental state would improve vastly to be cared for by her eldest, and the depression and anxiety--she is currently taking medication for--would improve by leaps and bounds. In her current state, as a grieving widow with many medical ailments, having a HHA--a stranger that does not share her language, that does not understand her fragile state, could very much worsen her condition and further expose her to COVID/Flu that is currently increasing in her area.

It is Mr. Hasanoff's intention, should he be granted compassionate release, to work from home while also providing

constant, full time care and attention to his mother. Mr. Hasanoff already has a job offer with a work from home arrangement. **See** (Ex. M, in Mr. Hasanoff's Resp., DE 259). This will enable Mr. Hasanoff to create a "bubble" of safety with very limited outside, public exposure of COVID-19 being introduced within the home. This will also serve both purposes of protecting his mother from reinfection while providing the loving care of her eldest son as well as enable Mr. Hasanoff to financially provide for his own family--a family still struggling to pay routine bills since the death of Mr. Hasanoff's father from COVID-19.

Mr. Hasanoff's mother is hopeful and praying for this Court's compassion and mercy to her plight, as Mr. Hasanoff remains the only available caregiver able to provide the full time care and attention his mother requires without further risking her to the COVID-19 pandemic.

III. **The Feasibility of Mr. Hasanoff's Mother Living with His Wife is Impractical Due to Their Circumstances.**

It is impossible for Mr. Hasanoff's wife, Wahida Hasanoff, to have Mrs. Hasanoff--who has complicated health issues--live with her. Mr. Hasanoff incorporates by reference the facts and reasons set forth in Wahida Hasanoff's Affidavit as if set forth herein at length hereat. **See** (Ex. A, Wahida Hasanoff's Affidavit). Under the current circumstances of Mr. Hasanoff's wife, it is simply impossible for Mr. Hasanoff's mother to reside with, or be cared for by, Mr. Hasanoff's wife nor would it serve the purpose of providing Mr. Hasanoff's mother with the full time caregiver that she needs.

## CONCLUSION

If the unique, once in a lifetime circumstances outlined herein--caused by a once in a lifetime global pandemic--are not extraordinary and compelling then Mr. Hasanoff would respectfully argue there is no such thing that would be extraordinary and compelling.

While it is easy to suggest Mr. Hasanoff's wife, sister or HHA to care for Mr. Hasanoff's mother, this ignores many of the day-to-day challenges that the current pandemic presents. Mr. Hasanoff's wife and children **only** interact and meet with Mr. Hasanoff's sister and other family outdoors with face masks and social distancing. The entire family is still living with the trauma of losing their otherwise vibrant father to COVID-19 and the fact that Mr. Hasanoff's mother, sister, her husband and all three children contracted and still suffer from the lingering effects of the coronavirus. The paranoia and fear of reinfection has been heightened by the recent increases in cases in the NYC area. This has made it even harder for Mr. Hasanoff's sister to manage their mother's immediate needs. Mr. Hasanoff's family is highly concerned for the well being of their mother still alone without a full time caregiver.

For the reasons set forth in Mr. Hasanoff's Motion and this Amendment, Mr. Hasanoff respectfully requests that this Court grant his compassionate release motion and sentence him to time served, as he is truly the only person available to provide the full time attention and loving care that his mother requires.

5

Dated: October 15, 2020
       Otisville, NY 10963

                                        Respectfully submitted,

                                        Sabirhan Hasanoff
                                        Reg. No. 75730-083
                                        FCI Otisville
                                        P.O. Box 1000
                                        Otisville, NY 10963

                                        Defendant-Pro se

# CERTIFICATE OF SERVICE

I, Sabirhan Hasanoff, hereby certify that on this 15th day of October, 2020, I caused to be served a true and correct copy of SUPPLEMENT IN FURTHER SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) by U.S. Priority Mail (in a properly-addressed envelope with first-class postage duly paid) via U.S. Postal Service by depositing said envelope and contents in the institutional's internal mail system, on the following:

**Department of Justice**
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 15th, 2020

_____
Sabirhan Hasanoff

# EXHIBIT A

# AFFIDAVIT OF WAHIDA HASANOFF

State of New York    )

County of Nassau     )

Affiant, Wahida Hasanoff, being duly sworn, upon her oath deposes and states:

1. My name is Wahida Hasanoff, being of sound mind and body, over the age of eighteen years and fully capable of making this affidavit. I have personal knowledge of all of the facts stated in this affidavit. To my knowledge, all the facts stated in this affidavit are true and correct.

2. I am the wife of Sabirhan Hasanoff. I make this affidavit in support of Sabirhan Hasanoff's motion for compassionate release.

3. My current work schedule as home health aide to my own 72 year old mother, who has complicated health issues requiring frequent doctor's appointments, and my current family circumstances, make it impossible for my mother-in-law, Saiyara Hasanoff, to reside with me.

4. My mother-in-law has medical conditions that are both physical and mental that require much more care and attention than I can provide as a working single parent of three young children. Her physical and mental needs combined with the attentiveness required to care for a person with dementia is unmanageable for me.

5. Care for my mother-in-law requires more than one adult. She requires 24/7 adult supervision. Having my husband home would make it practical in caring for both our mothers.

6. My immediate concern is caring and protecting my own mother from COVID-19 exposure while dealing with the daily issues of my children. Due to these issues, combined with the anxiety of my financial difficulties after the loss of my primary provider, my later father-in-law, I suffer from debilitating anxiety attacks and outbreaks of rashes on my back where I previously had herpes zoster. My doctor has attributed these to stress. I try to be strong and maintain my own health for the sake of my children and my own elderly mother.

7.  While I sympathize with my mother-in-law's predicament - being alone and not having a caregiver - I am in no position to attend or care for her needs nor is it possible for her to reside with me given my current circumstances.

8. My husband and I have been married since 2001 and have never been separated since that time. My husband and I have three children together - Ilyas Hasanoff, 16; Asiya Hasanoff, 14 and Fatima Hasanoff, 10. I currently reside at 19 Boxwood Lane, Farmingdale, NY 11735.

9. My children are attending school in a hybrid model with remote learning and are mostly home. Each school they attend has differing hybrid model schedules. These differing schedules have posed a challenging home environment for me. Although sixteen years of age, my son has many behavioral issues. He is performing poorly in school, constantly fighting and physically aggressive with his two younger sisters. Although my husband tries to discipline him on the phone, it is an impossible task, and he now sometimes refuses to speak with his Dad when he knows he's done something wrong. He has had extreme temper tantrums during which he has broken a door and some furniture at home - both requiring repair. He is now one foot taller than me and 70 pounds heavier making physically disciplining him impossible. Instead of being a help to me my son has contributed to my already stressful living conditions. He has even missed his PSAT exam this past year because he forgot to sign up by the deadline. It's impossible for me to be both a mother and father figure, so I've had to learn to cope with their failures without it driving me crazy. With no father figure present for over a decade, my son is showing signs of stress and anxiety while going through puberty at the same time my elder daughter, Asiya is as well. Both my husband and I are doing our best to manage the current situation as best as we can.

10. Since June 2020 I have been a home health aide for my mother who has complicated health issues requiring frequent doctors appointments. My mother was widowed in 2012. Depending upon her needs I work anywhere up to 50 hours per week although I am approved and paid for 27 hours per week (refer exhibit A employment letter).

11. My husband Sabir is needed, under these dire circumstances to care for his mother, provide for our family and help raise our children.

12. For these reasons it is not practical, without my husband's presence, to have my mother-in-law reside with me to provide the care and attention she requires.

AFFIANT FURTHER SAYETH NAUGHT.
SIGN, SWORN AND EXECUTED THIS ___ day of October 2020.

_____
Notary Public

MICHAEL BEJAR
Notary Public - State of New York
NO. 01BE6300069
Qualified in Suffolk County
My Commission Expires Mar 31, 2022

_____
Wahida Hasanoff, AFFIANT

# EXHIBIT A

10/8/2020

To Whom It May Concern:

This letter is to inform you that Ms. HASANOFF, WAHIDA (SSN: 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) was employed by the Consumer from 06/01/2020 to current as a Personal Assistant. Her current average weekly working hour is 27 hours at $18.42 hourly wage rate. Her current average weekly earnings are $497.34.

Her last known address is: 19 BOXWOOD LN
NEW YORK, NY 11735

ABIFI CORP is a fiscal intermediary responsible for the Personal Assistant (PA)'s payroll and benefits administration on behalf of PA's employer, the Consumer.

We are not able to disclose the Consumer's identity under HIPPA.

ABIFI CORP and Ms. HASANOFF, WAHIDA do not have and have never had an employment relationship.

Should you have any questions, please feel free to contact me.

Best Regards,

*Cheng Kwok Lik*

Marco Cheng

718-762-0600

Accounting Dept

Sabirhan Hasanoff
Reg. No. 75730-083
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

# PRIORITY®
# ★ MAIL ★



This envelope is made from post-consumer waste. Please recycle – again.

**UNITED STATES POSTAL SERVICE.**  *Retail*

**P** | US POSTAGE PAID
**$0.00**
Origin: 10963
10/15/20
3562650083-25

**PRIORITY MAIL 1-DAY®**

0 Lb 4.00 Oz

**1020**

EXPECTED DELIVERY DAY: 10/16/20

**C014**

SHIP TO:
500 PEARL ST
New York NY 10007-1316

**USPS TRACKING® NUMBER**

9505 5147 8526 0289 0993 03

CnmDut SM

**TO:**

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USMP3 SDNY

## VISIT US AT USPS.COM®

**UNITED S**